IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARKEMA INC., and ARKEMA FRANCE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:19-cv-00296-MU |
| EMERSON PROCESS MANAGEMENT, LLLP, and NILESH CHAUDHARI, | § § § § § | |
| Defendants. | § § | |

## EMERSON PROCESS MANAGEMENT LLLP'S MOTION TO DISMISS

This lawsuit is based on allegations by Arkema Inc. and Arkema France (collectively "Arkema") that Emerson Process Management, LLLP ("Emerson") and one of its employees, Nilesh Chaudhari, misappropriated Arkema's trade secrets. The complaint includes eight causes of action, more than 100 paragraphs, and is greatly over-pleaded. Five of Arkema's eight causes of action should be dismissed for failure to state a claim. Namely, Arkema's third, fourth, and fifth causes of action are common law tort claims that are preempted by the Alabama Trade Secrets Act (ATSA). The sixth and seventh causes of action are aimed at computer tampering or hacking, and nothing of the sort is alleged in Arkema's complaint. Emerson therefore moves to dismiss these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Background[1]

Emerson is an American corporation headquartered in Bloomington, Minnesota. Companies from all over the world rely on Emerson's expertise in manufacturing processes. Arkema was one such company. Arkema sought Emerson's assistance to implement the process

---

[1] No statement in the Background of this motion should be considered a factual admission.

used to manufacture a thermoplastic known as polyetherketoneketone (PEKK). *See* Compl. ¶ 1, Dkt. 1. Chaudhari performed work related to this process at Arkema's Axis, Alabama, plant from late 2018 to early 2019. *See id.*

According to the complaint, Chaudhari had full access to the "one-of-a-kind manufacturing process" that Arkema claims is trade secret. *See, e.g., id.* ¶¶ 1, 32, 36, 39, and 40. The origin of Arkema's claims is that while Chaudhari was working at the plant, he allegedly took pictures and videos of information related to the PEKK process—a process that Emerson was hired to implement. *See, e.g., id.* ¶ 1. Arkema alleges that Chaudhari's conduct prompted Arkema to alert local law enforcement, eventually triggering an FBI investigation. *Id.* ¶¶ 51-54, 57. To date, the FBI has not found any evidence suggesting that Arkema's trade secrets were compromised.[2] Arkema has nevertheless refused Emerson's reasonable efforts to prove to Arkema that Chaudhari's conduct was inconsequential.

Arkema's complaint includes eight causes of action: (1) a claim under the federal Defend Trade Secrets Act, ¶¶ 63-78; (2) a claim under the Alabama Trade Secrets Act, ¶¶ 79-83; (3) conversion, ¶¶ 84-87; (4) negligence, recklessness, and wanton training or supervision, ¶¶ 88-92, (5) respondeat superior, ¶¶ 93-96; (6) a claim under the Alabama Digital Crime Act, ¶¶ 97-98; (7) a claim under the federal Computer Fraud ad Abuse Act, ¶¶ 99-103; and (8) a breach of contract claim, ¶¶ 104-109. Emerson will ultimately show that Arkema's trade secret misappropriation and breach of contract claims are baseless. In the interest of efficiency, however, and to narrow the scope of potential discovery, Emerson moves to dismiss the remainder of Arkema's claims as failing to satisfy the pleading standard.

---

[2] Although as the complaint alleges, the FBI seized Emerson's laptop from Arkema pursuant to a search warrant, *id.* ¶ 2, the FBI is in the process of returning the computer to Emerson, having found no evidence of criminal activity, including any trade secret violation.

**Argument**

Rule 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting, in part, Fed. R. Civ. P. 8(a)(2)). Most of Arkema's claims fail to meet this standard.

I.   **Arkema's Common Law Tort Claims Are Preempted by the ATSA**

The ATSA supersedes the "common law of trade secrets." Ala. Code. § 8-27-6. Comments to this section of the statute explain that the ATSA "is intended to both codify and to modify the common law of trade secrets in Alabama." *Id.* § 8-27-6, cmt. Relying on the comment to § 8-27-6, the Alabama Supreme Court held that a plaintiff could not maintain a common law breach of fiduciary duty claim because such "existing common law tort theories of recovery have been replaced by provisions of the [ATSA]." *Allied Supply Co. v. Brown*, 585 So. 2d 33, 37 (Ala. 1991).

Federal courts in Alabama have reached the same conclusion with respect to a number of common law tort claims. In granting summary judgment for the defendant on a breach of fiduciary duty claim similar to the one in *Allied Supply*, a court in the Middle District of

Alabama explained that the claim was barred because the factual basis for it "is essentially the same as the one for the ATSA claim." *Bell Aerospace Servs., Inc. v. U.S. Aero Servs., Inc.*, 690 F. Supp. 2d 1267, 1276 (M.D. Ala. 2010). Similarly, Judge Blackburn deemed preempted all "common law causes of action based on the same underlying facts" as those giving rise to an ATSA claim, including conversion, unjust enrichment, breach of fiduciary duty, misrepresentation, and suppression. *Madison Oslin, Inc. v. Interstate Res., Inc.*, No. 2:11-CV-01343-SLB, 2012 WL 4730877, at *8-*10 (N.D. Ala. Sept. 30, 2012) (granting motion to dismiss on each of these claims); *see also Cordova Castings, Inc. v. ISG Res., Inc.*, No. CV 05-J-1363-J, 2005 WL 8157948, at *3 (N.D. Ala. Aug. 9, 2005) (dismissing conversion claim as preempted by ATSA).

The facts alleged for Arkema's third, fourth, and fifth common law tort claims are the same as those alleged for Arkema's trade secret misappropriation claims. *See* Compl. ¶¶ 84-96. Each of these claims incorporates by reference the paragraphs alleging that Chaudhari took confidential and proprietary information that Arkema allegedly keeps as a trade secret. *See, e.g.*, Compl. ¶ 84. The complaint does not allege that Chaudhari took anything other than the alleged trade secret. As a result, there is no independent basis for any of Arkema's common law tort claims. *See S. Field Maint. & Fabrication LLC v. Killough*, No. 2:18-CV-581-GMB, 2018 WL 4701782, at *7 (M.D. Ala. Oct. 1, 2018) (dismissing conversion claim when only thing allegedly converted was a trade secret). These claims are therefore preempted and should be dismissed.

**II.      Arkema's Sixth and Seventh Claims Should be Dismissed Because Chaudhari Had Permission to Access Arkema's Computers and Information**

Arkema's six and seventh claims for relief are based on statutes designed to prevent computer tampering or hacking. *See* Compl. ¶¶ 97-103. The Alabama Digital Crime Act (ADCA) applies to "computer tampering," Ala. Code § 13A-8-112(a), while the Computer Fraud

4

and Abuse Act (CFAA) is "designed for the investigation and prosecution of *hacking* crimes." *Bell Aerospace*, 690 F. Supp. 2d at 1271 (emphasis added) (citing *A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630, 645 (4th Cir. 2009). Neither of these statutes apply in this case.

The ADCA and CFAA apply only to instances in which a person accesses a computer without permission. The ADCA applies to any "person who acts *without authority* or who *exceeds authorization of use*" of a computer, computer system, or computer network. Ala. Code. § 13A-8-112(a) (emphasis added). Similarly, to plead a civil claim under the CFAA, a plaintiff must plausibly allege that the defendant accessed a protected computer either without authority, i.e., with no permission at all, or by exceeding authorized access. *See Bell Aerospace*, 690 F. Supp. 2d at 1271. A person exceeds authorized access "where initial access is permitted but the access of certain information is not permitted." *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1343 (N.D. Ga. 2007).

Nothing in Arkema's complaint suggests that Chaudhari did anything that resembles computer tampering or hacking. Rather, Arkema admits that it gave Chaudhari access "to the most sensitive process information." Compl. ¶ 40. Chaudhari "worked inside the Kepstan® PEKK process control room" and had full access to equipment that "manufactured Kepstan® PEKK." *Id.* While Arkema also alleges Chaudhari's access was "either wholly unauthorized or went beyond the scope of his authorization," *id.* ¶ 100, this conclusory allegation is belied by specific factual allegations establishing that Chaudhari never accessed anything he did not have permission to access, *see, e.g.*, Compl. ¶¶ 32, 36, 39, and 40.

Courts have precluded computer hacking or tampering claims under similar circumstances. In *Bell Aerospace*, for instance, several employees were alleged to have violated the CFAA by copying and misusing data on their former employer's servers. *Bell Aerospace*,

690 F. Supp. 2d 1267, 1272. The employees did not access the company computers "without authorization," however, because each was "employed at the company while accessing its computers and each had permission to do so." *Id.* Similarly, while the employees may have allegedly "exceeded their authorized use" by copying or using the information, they did not "exceed authorized *access*" because they were authorized to use the network and any information on it. *Id.* at 1273 (emphasis added). What the employees may have later done with the information was irrelevant to whether they unlawfully *accessed* it. *See id.*

While Chaudhari was working at Arkema's facility, he was no different than an Arkema employee for purposes of the ADCA and CFAA claims. As long as Chaudhari had authorized access to Arkema's computers, he could not have violated the ADCA or CFAA. *See id.*; *see also Dresser-Rand Co. v. Jones*, 957 F. Supp. 2d 610, 617 (E.D. Pa. 2013) (those with approval to access information do not violate CFAA); *WEC Carolina Energy Sols. LLC v. Miller*, 687 F.3d 199, 206-07 (4th Cir. 2012) (complaint that admitted employee had access to intranet and computer servers could not state a CFAA claim). Consequently, Arkema's sixth and seventh causes of action should be dismissed for failure to state a claim.

## Conclusion

For these reasons, Emerson respectfully requests dismissal of Arkema's third through seventh causes of action with prejudice.

*/s/ Clinton R. South*
Counsel for Emerson

EMERSON COUNSEL:
Adam K. Peck
apeck@lightfootlaw.com
Brandon K. Essig
bessig@lightfootlaw.com
Clinton R. South
csouth@lightfootlaw.com

**LIGHTFOOT FRANKLIN WHITE LLC**
400 20th Street North
Birmingham, Alabama 35203-3200
Telephone:     (205)-581-0700
Facsimile:     (205)-581-0799

## CERTIFICATE OF SERVICE

I certify that on July 12, 2019, I have caused a true and exact copy of the above and foregoing to be served on all counsel of record via ECF:

                                                /s/ *Clinton R. South*
                                                Counsel for Emerson